UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILSON T. TRAN, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:12-cv-01501-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| FEDERAL HOME LOAN MORTGAGE, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is the action filed by *pro se* Plaintiff Wilson T. Tran against Federal Home Loan Mortgage, BAC Home Loans Servicing, LP, Merscorp, Inc., and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants"). As discussed below, the Court finds that Plaintiff has failed to file proof of service as required by Federal Rules of Civil Procedure, Local Rule II.5-1 of the Local Rules of Practice for the United States District Court for the District of Nevada, and no defendant has entered an appearance in the docket. Accordingly, the Court will direct the Clerk's Office to file a Notice Regarding Intention to Dismiss Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

I. <u>DISCUSSION</u>

Plaintiff filed his initiating Complaint (ECF No. 1) before the Court on August 23, 2012, along with a copy of three summonses (ECF No. 3) issued to "Federal Home Loan Mortgage Ass.," "Mortgage Electronic Registration System Inc.," and "Country Wide Home Loan," all directed to the same address: P.O. Box 5770, Simi Valley, CA, 93062. No summons was filed as to Defendants BAC Home Loans Servicing, LP, and Merscorp, Inc. Furthermore, the summons filed as to "Country Wide Home Loan" on the first page of the "Summons" (ECF No.

3) appears to have been filed in error, since the Complaint does not name "Country Wide Home Loan" as a defendant.

Also on August 23, 2012, along with these initiating documents, Plaintiff filed a "Motion to Establish Preliminary Injunction Prohibiting Default and Sale of Real Property Under Notice of Default Pending Hearing on the Merits" (ECF No. 4), and a "Notice of Lis Pendens" (ECF No. 5) for the property located at 9190 Valley Sp Ct, Las Vegas, NV, 89147, APN #: 163-20-211-013.  Unlike the Complaint (ECF No. 1), these two documents include "Country Wide Bank, N.A." in the style of the case.  The motion (ECF No. 4) also refers to allegations against "Country Wide Home Loans" and other parties that were not included in the Complaint (ECF No. 1).  The motion (ECF No. 4) also refers to non-existent exhibits and to facts that do not appear to be related to the allegations in the Complaint (ECF No. 1).

A month later, on September 24, 2012, Plaintiff filed a seven-page document with the Court, which had no cover page, but was entered on the docket by the Clerk's Office with a docket entry titled, "Summons Returned Executed." (ECF No. 7.)  Two of the pages appear to be copies of the first two pages of the Summons (ECF No. 3) filed in the docket on August 23, 2012, for "Country Wide Home Loan" and "Mortgage Electronic Registration System Inc."  Two of the pages appear to be copies of certified mail receipts for "BAC Home Loans" and "Mortgage Electronic Registration Syst.," both addressed to P.O. Box 5770, Simi Valley, CA, 93062.  Two of the pages are copies of the AO Form 440 (Rev. 06/12) "Summons in a Civil Action"[1] that are incompletely filled out, with only the names of "Mortgage Electronic Registration Syst." and "BAC Home Loan" and the signature of Plaintiff and his address at the bottom of the forms. (*See* ECF No. 7.)  No certified mail receipt was included for Countrywide Home Loans, only a copy of the Summons (ECF No. 3).

---

[1] Available at http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO440.pdf (last checked March 7, 2013).

In addition to the requirements of the Federal Rules of Civil Procedure, Local Rule II.5-1 of the Local Rules of Practice for the United States District Court for the District of Nevada provides requirements for filing proof of service:

(a) All papers required or permitted to be served shall have attached, when presented for filing, a written proof of service.  The proof shall show the day and manner of service and the name of the person served.  Proof of service may be by written acknowledgment of service or certificate of the person who made service.

(b) The Court may refuse to take action on any paper until a proof of service is filed.  Either on its own initiative or on a motion by a party, the Court may strike the unserved paper or vacate any decision made on the unserved paper.

(c) Failure to make the proof of service required by this Rule does not affect the validity of the service.  Unless material prejudice would result, the Court may at any time allow the proof of service to be amended or supplied.

D. Nev. R. II.5-1.

Here, Plaintiff has failed to file proof of service for the Complaint in accordance with Local Rule II.5-1 and the Federal Rules of Civil Procedure.  A copy of a certified mail receipt is inadequate on its own to show service, without an accompanying affidavit or certification by the person who made service.  The two incomplete AO 440 forms provided by Plaintiff fail to indicate the required information explaining the means of service, and render meaningless the certification, accompanied by Plaintiff's signature, that Plaintiff "declare[s] under penalty of perjury that this information is true." (*See* ECF No. 7.)  Accordingly, the Court finds that the Clerk's Office description of the documents filed by Plaintiff as "Summons Returned Executed" is in error, and that Plaintiff has failed to file a written proof of service as required.  Because

failure to make the proof of service does not affect its validity, and because the Court finds that material prejudice would not result from allowing amendment by Plaintiff, the Court will not strike Plaintiff's Complaint or accompanying papers, but will order the Clerk's Office to file a "Notice Regarding Intention to Dismiss Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure."

Furthermore, because almost seven months have elapsed without proof of service for any of the documents filed by Plaintiff, or entry of an appearance by any of the named Defendants, and because the Court finds that Plaintiff has not satisfied the requirements of Rule 65 of the Federal Rules of Civil Procedure for *ex parte* consideration of his Motion for Preliminary Injunction (ECF No. 4), the Court will deny the motion without prejudice. Plaintiff is given leave to re-file the motion if he can show proof of service upon the parties against whom Plaintiff seeks an injunction, or if he can provide adequate basis for *ex parte* consideration of the motion according to Rule 65.

## II. CONCLUSION

**IT IS HEREBY ORDERED** that the Clerk's Office shall file a "Notice Regarding Intention to Dismiss Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure" as to the remaining defendants.

**IT IS FURTHER ORDERED** that the Motion for Preliminary Injunction (ECF No. 4) is **DENIED without prejudice**.

**DATED** this 11th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge